IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHARLES E. BATES, # 112301**                                                                 **PLAINTIFF**

**VERSUS**                                                 **CIVIL ACTION NO. 3:17cv101-DPJ-FKB**

**MISSISSIPPI DEPARTMENT OF
CORRECTIONS, CENTURION OF
MISSISSIPPI, INC., EX-COMMISSIONER
MARSHALL FISHER, DR. GLORIA
PERRY, SUPERINTENDENT RON KING,
WARDEN BRIAN LADNER, JOHN DOE,
OFFICER BROWN, JANE DOES, and
NURSE OLIPHANT**                                                                            **DEFENDANTS**

## ORDER DISMISSING MISSISSIPPI DEPARTMENT OF CORRECTIONS

This *pro se* prisoner case is before the Court, *sua sponte*, for consideration of partial dismissal. Plaintiff Charles E. Bates is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he challenges the conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendant MDOC is dismissed. The remainder of this case shall proceed.

I.     Discussion

On February 14, 2017, Bates filed this action, alleging that he has been denied medical treatment for a series of heart attacks. Bates also claims that he was denied an upgrade to his defibrillator, even though such upgrade had been prescribed by his treating physician. Among others, Bates sues MDOC for compensatory and punitive damages.

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Bates to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

Among others, Bates sues MDOC for damages. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. MDOC is considered an arm of the State of Mississippi. Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.*, No. 2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683 at *2 (S.D. Miss. June 12, 2006). Therefore, MDOC is dismissed.

II. Conclusion

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendant Mississippi Department of Corrections should be and is hereby **DISMISSED WITH PREJUDICE**. The remainder of the case shall proceed.

**SO ORDERED AND ADJUDGED** this the 25th day of May, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE