IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHARLES E. BATES                                              PLAINTIFF

VS.                            CIVIL ACTION NO. 3:17cv101-FKB

CENTURION OF
MISSISSIPPI, INC., et al.                                  DEFENDANTS

## **OMNIBUS ORDER**

Charles E. Bates is an inmate in the custody of the Mississippi Department of Corrections (MDOC). He brought this action pursuant to 42 U.S.C. § 1983 alleging that prison officials have repeatedly denied him medical care for heart attacks and cardiac problems. A Spears hearing was held on November 29, 2017, at which the parties have consented to jurisdiction by the undersigned. Having considered the Plaintiff's testimony at the omnibus hearing, and having considered Defendants' motion for summary judgment [34], the Court finds and orders as follows.

Plaintiff has alleged numerous denials of medical care at Central Mississippi Medical Center (CMCF) and the Mississippi State Prison (MSP) beginning in October of 2009 and continuing through January of 2016. Plaintiff filed his complaint on February 14, 2017. Thus, those incidents occurring prior to February 14, 2014, are barred by the statute of limitations and are therefore dismissed. *See Walker v. Epps*, 550 F.3d 407, 415 (5th Cir. 2008) (Mississippi's three-year residual personal injury statute of limitations applies to claims brought under § 1983).

The remaining claims are as follows. Plaintiff alleges that in June of 2014, while he was housed at CMCF, he suffered a heart attack after another inmate jumped on

him.  Plaintiff states that he was not taken to the hospital for several hours.  By the time of the next incident, September of 2015, Plaintiff had been transferred to MSP.  He alleges that while at MSP, he sustained heart attacks in September of 2015, on October 6, 2015, and on October 10, 2015.  According to Plaintiff, he received no treatment for the heart attacks in September and on October 10, and treatment for the October 6 heart attack was delayed.  Plaintiff also alleges that at some unspecified date while he was at MSP, a physician denied him treatment for tachycardia.  In October of 2015, Plaintiff was transferred back to CMCF.  He contends that after his return to CMCF, he suffered heart attacks on October 24, 2015, January 6, 2016, and January 23, 2016, and that treatment for these attacks was either refused or delayed.  Finally, he contends that sometime following the incident of January 6, 2016, MDOC officials refused to approve an upgrade to his pacemaker, even though the upgrade was recommended by a physician.  Plaintiff contends that the delays and denials of treatment for his heart attacks are the product of a custom by Centurion of Mississippi, Inc., the health care contractor for the Mississippi Department of Corrections, of ignoring cardiac emergencies.

Defendants have filed a motion for summary judgment [34] arguing that Plaintiff has failed to exhaust his administrative remedies.[1]  The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate bringing a civil rights action in federal court first exhaust available administrative remedies.

---

[1] The motion was original filed by Defendants Marshall Fisher, Ron King, Brian Ladner, and Gloria Perry. Subsequently, Defendants Centurion of Mississippi, Inc. and Alisha Oliphant filed a joinder in the motion [36].

*Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998). This exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992 (2002). The requirement that claims be exhausted prior to the filing of a lawsuit is mandatory and non-discretionary. *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012).

In support of their motion, Defendants have submitted the affidavit of Richard Pennington, Director of the Administrative Remedy Program for MDOC. [34-2] at 1. The affidavit and accompanying documents establish the following. Plaintiff has filed only two grievances concerning his medical care. On February 25, 2016, he submitted a grievance concerning denial of medical care. The grievance was rejected and returned because Plaintiff had not specified what relief he was seeking. Plaintiff submitted another grievance on May 1, 2016, alleging denials of medical care from 2009 through January 23, 2016. The grievance was rejected as untimely. A third grievance, filed on December 27, 2015, did not concern medical treatment.

Plaintiff does not dispute that he failed to exhaust his claims. Rather, he argues that his claims should not be barred because administrative remedies were unavailable to him, in that prison personnel refused to provide him with writing materials. See *Ross v. Blake*, 136 S.Ct. 1850, 1855 (2016) ("A prisoner need not exhaust remedies if they are not 'available.'") In support of his position, Plaintiff has submitted a sworn affidavit in which he states that between October 2015 and June 2016, CMCF staff denied him access to the writing supplies necessary for him to file grievances. [41-1] at 3.

Clearly, Plaintiff's alleged inability to obtain writing materials at CMCF during this period could have had no effect on his failure to exhaust claims that accrued more than

3

thirty days prior to his transfer to CMCF in October of 2015.  Nor could it excuse his failure to properly exhaust the grievances he did submit concerning medical issues.  Finally, his own filings indicate that at least by February 25, 2016, he was able to obtain writing materials; thus, his failure to exhaust is not excused for any claims that accrued after, or within 30 days prior to, that date  For these reasons, all medical claims arising during these time periods are dismissed because of Plaintiff's failure to exhaust his administrative remedies.  Because the only allegation against Dr. Gloria Perry concerns an incident for which he could have filed a grievance either on or after February 25, 2016 (the date by which he obviously had access to writing materials), Dr. Perry is dismissed as a defendant.

Remaining are the claims for the alleged denials of medical care that occurred in September and October of 2015.  Plaintiff alleges that a "nurse" refused him treatment for a heart attack on October 24, 2015; the Court will assume that this allegation may refer to Nurse Alisha Oliphant and will not dismiss her at this time.  Plaintiff has not alleged any personal involvement on the part of any of the remaining individual defendants.  Accordingly, Defendants Marshall Fisher and Brian Ladner are hereby dismissed.

This matter will go forward solely on Plaintiff's claims against Defendants Centurion and Oliphant arising out of the alleged denials of medical treatment in September and October of 2015.

Also before the Court is Plaintiff's motion to amend his complaint [31].  The proposed amended complaint appears to be substantially the same as his original

complaint, except that a few additional details have been included and the paragraphs are numbered.  The motion is hereby granted, and the proposed amended complaint is deemed filed and substituted in the place of the original complaint.

This cause is set for a jury trial before the undersigned on October 31, 2018, at 9:00 a.m.  A pretrial conference will be held on September 27, 2018, at 1:30.

Discovery shall be completed by June 8, 2018.  Any dispositive motions shall be filed by June 22, 2018.

So ordered, this the 7th day of March, 2018,

s/ F. Keith Ball
United States Magistrate Judge
